1

2

3

4

5

6

7                     IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9    SAMUEL SMITH,

10              Plaintiff,

11         vs.                              No. CIV S-09-0648 GEB GGH PS

12   GMAC MORTGAGE, LLC,[1]

13                                              ORDER

14              Defendant.

15   _____/

16              Plaintiff is proceeding in this action pro se and in forma pauperis.  Previously

17   pending on this court's law and motion calendar for November 5, 2009 were defendant GMAC

18   Mortgage, LLC's ("GMAC") motions to dismiss and to strike, both filed separately on

19   September 14, 2009.  Also before the court are two amended complaints filed by plaintiff on

20   August 27 and 31, 2009, as well as this court's order to show cause, filed September 8, 2009, and

21   plaintiff's motion for sanctions, filed September 25, 2009.  Plaintiff appeared in pro se.

22   Defendant was represented by Natilee Riedman.  After hearing oral argument and reviewing the

23   parties' papers, the court now issues the following order.

24   \\\\\

25   _____

26         [1]  Defendant states that although named as "GMAC/Affiliates and Subsidires," in the
     complaint, its correct name is GMAC Mortgage, LLC.

1

1  BACKGROUND

2      Plaintiff alleges that GMAC is the alleged beneficiary of a mortgage which was

3  transferred from the original lender, WMC Mortgage Co., and that he received a letter from the

4  lender indicating the "loan was transferred and that it included other terms and agreements."

5  (Am. Compl. at 1.)  Plaintiff alleges that he asked for a thirty year fixed rate, but the loan ended

6  being an adjustable rate with a balloon payment at the end, as well as a negative amortization.

7  Plaintiff alleges that these terms were not fully disclosed to him, and the Truth in Lending Act

8  ("TILA") was violated.  Plaintiff states that he suffered irreparable damage as a result and had to

9  file bankruptcy.  He seeks damages in the amount of $805,000.

10      Plaintiff initiated this action in federal court on March 9, 2009.  GMAC

11  previously moved to dismiss and strike the complaint, and the motion to dismiss was granted by

12  order of July 31, 2009.  Plaintiff was directed to file an amended complaint.  On August 27,

13  2009, plaintiff filed an amended complaint.  (Dkt. # 44.)  On August 31, 2009, plaintiff filed

14  another document styled "amended complaint."  (Dkt. # 45.)  In a filing dated September 14,

15  2009, plaintiff explains that he did not file a second amended complaint, but that it was a

16  "continuous complaint."  He states that he thought the rules limited his complaint to five pages

17  and that is why he filed a continuation of the amended complaint a few days later.  (Dkt. # 54.)

18  This filing is also a response to the court's order to show cause, filed September 8, 2009,

19  directing plaintiff to explain a reference to his bankruptcy filing in an earlier pleading.

20  DISCUSSION

21  DEENDANT'S MOTION TO DISMISS

22      I. Legal Standards

23      In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

24  a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

25  it must contain factual allegations sufficient to "raise a right to relief above the speculative

26  level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The

1  pleading must contain something more...than...a statement of facts that merely creates a suspicion

2  [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice

3  and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual

4  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

5  ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).

6  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

7  draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

8          In considering a motion to dismiss, the court must accept as true the allegations of

9  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

10 Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

11 motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

12 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

13 that general allegations embrace those specific facts that are necessary to support the claim.'"

14 National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

15 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

16 Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

17 Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

18          The court may consider facts established by exhibits attached to the complaint.

19 Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

20 consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

21 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

22 papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

23 1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

24 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

25          A pro se litigant is entitled to notice of the deficiencies in the complaint and an

26 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

1 | Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

2 | II. Analysis

3 |     Plaintiff's submission of his August 31st filing as a continuation of the amended

4 | complaint is not permitted.  Local Rule 15-220 requires that an amended complaint be complete

5 | in itself.  This is because, as a general rule, an amended complaint supersedes the original

6 | complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files

7 | an amended complaint, the original no longer serves any function in the case.  Therefore, "a

8 | plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

9 | amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981), and

10 | defendants not named in an amended complaint are no longer defendants, Ferdik v. Bonzelet,

11 | 963 F.2d 1258, 1262 (9th Cir. 1992).

12 |     Therefore, the first amended complaint will be considered in regard to defendant's

13 | motions to dismiss and to strike.  The second amended complaint, filed August 31, 2009, (dkt. #

14 | 45), will be stricken.[2]

15 |     Defendant moves to dismiss based on failure to allege facts supporting assignee

16 | liability, failure to state a claim under the TILA, and motion for a more definite statement.[3]

17 |     Plaintiff has filed an opposition to the motion to strike and the motion to dismiss,

18 | (dkt. # 55), claiming that this and other motions are "bogus," and the court should not waste time

19 | with 12(b)(6) and all the other motions.  He also argues in regard to defendant's exhibits to its

20 | Request for Judicial Notice:  "counsel tries to conclude discovery with a Request for Judicial

21 | Notice of Review, when the documents submitted was already mention in the complaint of the

22 |

23 |    [2] Defendant expends some argument on the second amended complaint which alleges

24 | fraud, racketeering and usury.  These claims will not be addressed, however, as the second amended complaint is not properly before the court.

25 |    [3] To the extent the motion to dismiss alleges failure to state a claim for fraud,

26 | racketeering, or usury, it will not be addressed as these claims were only raised in the second amended complaint which has been stricken.

1   balloon Payment and riders which counsel tries insert as evidence without any plea or response

2   of what GMAC is trying to plea or dispute." (dkt. #55 at 2.)  Plaintiff also argues that he will be

3   able to prove his case if he obtains discovery.

4               A.  Assignee Liability

5               First, plaintiff refers to the terms he thought he was getting with the "originator of

6   the loan," which implies that any alleged violation took place with the original lender and not

7   GMAC.  In any event, the amended complaint is very unclear as to when the terms were changed,

8   and who changed them.  For example, plaintiff states at one point that he told the originator of

9   the loan that he must have a thirty year fixed rate loan with payments not to exceed $1145 per

10  month, but he also states in a separate sentence, "the terms and agreement was not of what was

11  agreed upon."  It is not clear from this statement if plaintiff is referring to the terms of the

12  original loan or changes in terms with the transfer of the loan.

13              Second, although plaintiff alleges that GMAC was an assignee of the loan, he has

14  failed to allege facts showing if, when, or how GMAC assumed the subject loan.  Plaintiff alleges

15  only, "the defendant GMAC Mortgage Company/Affiliates and Subornates said to be the

16  Assignee oft the loan in which the defendant contends of entitlement of the loan at the time being

17  said that the loan was assign or they assume the loan." [Sic.] (Am. Compl. at 1.)

18              Third, defendant has submitted two deeds of trust and request for notice of default

19  in its request for judicial notice.  Those deeds reflect WMC Mortgage Corp. as the lender and

20  include an adjustable rate rider and a balloon rider, and are signed by plaintiff, refuting his claim

21  that he did not agree to these terms.  (Dkt. #52 at 5, 16.)

22              As defendant correctly points out, even assuming there was an assignment of the

23  loan to GMAC, assignment alone does not imply an assumption of the obligations on the

24  contract.  Generally, an assignee is only liable if he expressly assumes the duties under the

25  contract.  See 7 Cal. Jur. 3d Assignments, 57.

26  \\\\\

Even if GMAC did assume the obligations in the loan, plaintiff does not allege that GMAC knowingly assumed an obligation to provide certain terms previously agreed upon, or that GMAC knowingly assumed an obligation to provide a loan which contradicted the original loan agreement signed by plaintiff.

Plaintiff will be given one last opportunity to amend his complaint.  On amendment, he must allege the terms agreed upon with the original lender.  He shall explain why he did not agree to the written terms on the deeds of trust when his signature is reflected on the copies taken from the San Joaquin County official records.  Assuming plaintiff did agree to these terms, he must explain how GMAC was involved and how and why these terms changed if and when GMAC assumed the loan.

Plaintiff must allege if, when and how GMAC assumed the loan, and whether it expressly assumed the obligations of the loan.  If the loan was re-negotiated, or the terms changed, plaintiff must allege when and how they were changed and how they differed from the original loan documents allegedly signed by plaintiff.  Plaintiff shall attach the notes from the original loan and the transferred loan to his second amended complaint.

B.  TILA

Defendant argues that plaintiff is barred by the statute of limitations which requires that an action be brought within one year of the alleged violation, and that plaintiff has failed to state a claim under TILA.

TILA violations include the failure to provide the required disclosures pursuant to 15 U.S.C. § 1631 and the failure to clearly and conspicuously disclose information relating to the "annual percentage rate" and the "finance charge" pursuant to 15 U.S.C. § 1632.  To recover damages arising from alleged TILA violations, a plaintiff must file an action to recover damages "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

According to defendant, the statute of limitations in this case expired on August 30, 2007 because the loan was consummated on August 30, 2006.  Def.'s RJN Exs. A and B.

1   Plaintiff did not file this action until May 9, 2009.  The undersigned does not have sufficient

2   information at this stage to determine that there were no other events which took place after

3   August 30, 2006.  In his second amended complaint, plaintiff must explain some actionable

4   violation by defendant which is not time barred.

5           Defendant also argues that plaintiff has failed to state a claim under TILA.  The

6   amended complaint first cites to Regulation Z without stating any allegations in support.  The

7   court may in equity modify the procedural provisions of 15 U.S.C. § 1635(b) (as implemented in

8   12 C.F.R. § 226.23(d) of Regulation Z).  See Yamamoto v. Bank of New York, 329 F.3d 1167,

9   1172 (9th Cir. 2003); see also Williams v. Homestake Mortgage Co., 968 F.2d 1137, 1142 (11th

10  Cir. 1992) (in deciding whether modification of procedural provisions appropriate, court should

11  consider equitable factors such as severity of creditor's TILA violations and whether debtor has

12  ability to repay principle amount).  Plaintiff, however, does not appear to seek equitable relief,

13  and represented at hearing that he has already lost his house.  He seeks monetary damages only.

14          Plaintiff additionally cites to 12 CFR §§ 226.34(A)(4) and 226.17 (which are both

15  subparts of Regulation Z), but cites no statutory authority under the TILA.  Without a specific

16  statutory section and allegations of the elements required to establish a showing under that

17  section, it is impossible to make a determination of this cause of action.  TILA provides there is

18  "a presumption that a creditor has violated [the act] if the creditor engages in a pattern or practice

19  of making loans subject to § 226.32 without verifying and documenting consumers' repayment

20  ability."  Williams v. Countrywide Home Loans, Inc., 504 F. Supp.2d 176, 186 (S.D. Tex. 2007),

21  quoting 12 C.F.R. § 226.34(a) (4).   Plaintiff makes no such claim against GMAC.

22          Section 226.17 sets forth the general disclosure requirements in great detail.  In

23  this regard, plaintiff alleges only:  "New Disclosers - The terms and condition shall be fully

24  disclosed, if there is a mistake, New discloser shall be given to the borrower.  I was not properly

25  notified about any new terms and condition."  (Am. Compl. at 1-2.)  Plaintiff does not allege

26  what portion of the regulation was violated, what the new terms and conditions were, and how

1  they differed from the original terms and conditions.  These facts are especially important in light

2  of the submitted deeds of trust which are allegedly the original instruments and contain the

3  objectionable terms, but which plaintiff apparently signed.

4        On amendment, plaintiff shall carefully decide under which statutory authority he

5  intends to proceed and ensure that he can state facts to support the requirements under the law.

6        In his second amended complaint, plaintiff must set forth a complete chronology

7  of facts from the beginning of the loan process to the end, including the bankruptcy proceedings.

8  These facts should constitute a separate section of the complaint from the claims which should be

9  separately set forth, along with each element of each claim.

10  <u>ORDER TO SHOW CAUSE</u>

11        On September 8, 2009, plaintiff was directed to show cause why this action

12  should not be stayed pending conclusion of bankruptcy proceedings.

13        Pending causes of action are among the "legal or equitable interests" that become

14  the property of a bankruptcy estate upon filing a bankruptcy petition.  <u>See</u> 11 U.S.C. § 541(a)(1)

15  (the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the

16  commencement of the case"); <u>see also</u> <u>Sierra Switchboard Co. v. Westinghouse Elec. Corp.</u>, 789

17  F.2d 705, 707 (9th Cir.1986) (even personal injury claims are part of the bankruptcy estate

18  whether or not transferable or assignable under state law).

19        In response to the order, plaintiff stated that a stay of proceedings is not necessary,

20  "in the compliant [sic] I stated that I had to file 'bankruptcy.'  It was a statement that showed part

21  of the irreparable damage that had occurred to financial ruins afflicted by the defendant." (Dkt. #

22  54.)   At the hearing, plaintiff explained that he received a final order in his bankruptcy

23  proceedings this year, and that case is now concluded.

24        As there appear to be no pending bankruptcy proceedings by Samuel Smith, the

25  undersigned will not stay the proceedings.  The order to show cause is therefore discharged.

26  Nevertheless, in his second amended complaint, plaintiff shall explain the proceedings in the

1  bankruptcy court, including the foreclosure proceedings, and provide a chronology of dates and

2  names of mortgage companies involved in those proceedings.

3  DEFENDANT'S MOTION TO STRIKE

4         Defendant separately moves to strike portions of the first amended complaint, as

5  well as the entirety of the second amended complaint.  As the second amended complaint has

6  been stricken, and the first amended complaint is dismissed with leave to amend, defendant's

7  motion is denied as unnecessary.

8  PLAINTIFF'S MOTION FOR SANCTIONS

9         Plaintiff contends that defendant should be sanctioned for filing malicious

10  motions rather than an answer to his complaint.  He claims defendant is wasting time and its

11  motion is repetitious of his complaint.  He seeks sanctions under Fed. R. Civ. P. 37(A)(4) for

12  defendant's failure to answer, and failure to provide disclosures under Rule 26(a).

13         In response, defendant seeks fees and costs for having to oppose plaintiff's motion

14  for sanctions, in the amount of $1,697.50.

15         Under the federal rules, motions to dismiss and to strike must be made before

16  responding to the complaint.  Fed. R. Civ. P. 12(b), (f).  Therefore, defendant's motions are

17  appropriate and plaintiff's motion is denied.  Defendant's request for expenses is also denied.

18  CONCLUSION

19         Accordingly, IT IS ORDERED that:

20         1.  The order to show cause, filed September 8, 2009, is discharged.

21         2.  The second amended complaint, filed August 31, 2009, (dkt. # 45), is stricken.

22         3.  Defendant's motion to strike, filed September 14, 2009, (dkt. # 50), is denied

23  as unnecessary.

24         4.  Plaintiff's motion for sanctions, filed September 25, 2009, (dkt. # 56), is

25  denied.

26  \\\\\

1      5.  Defendant's motion to dismiss, filed September 14, 2009, (dkt. # 48), is denied

2   without prejudice.

3      6.  Within 28 days of this order, plaintiff shall file a second amended complaint

4   that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules

5   of Practice; the second amended complaint must bear the docket number assigned this case and

6   must be labeled "Second Amended Complaint;" failure to file a second amended complaint in

7   accordance with this order will result in a recommendation that this action be dismissed.

8   DATED:   12/15/09

9                                            /s/ Gregory G. Hollows

10                                           _____
                                             GREGORY G. HOLLOWS
11   GGH:076                                 UNITED STATES MAGISTRATE JUDGE
     Smith0648.mtd.wpd