IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL SMITH,

    Plaintiff,

vs.                      No. CIV S-09-0648 GEB GGH PS

GMAC MORTGAGE, LLC,[1]

                                 <u>FINDINGS & RECOMMENDATIONS</u>

    Defendant.

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Previously pending on this court's law and motion calendar for March 18, 2010 was defendant GMAC Mortgage, LLC's ("GMAC") motion to dismiss, filed on January 26, 2010. Plaintiff appeared in pro se. Defendant was represented by Natilee Riedman. After hearing oral argument and reviewing the parties' papers, the court now issues the following order.

<u>BACKGROUND</u>

        Before the court is plaintiff's second amended complaint, filed January 12, 2010, in accordance with this court's order, filed December 16, 2009. Plaintiff initiated this action in federal court on March 9, 2009. GMAC previously moved to dismiss and strike the complaint, and the motion to dismiss was granted by order of July 31, 2009. Plaintiff then filed an amended

---

[1] Defendant states that although named as "GMAC/Affiliates and Subsidies," in the complaint, its correct name is GMAC Mortgage, LLC.

1

complaint which was dismissed by order of December 16, 2009.  Plaintiff was given one last opportunity to amend.

Plaintiff alleges that he obtained a loan from WMC Mortgage Co. ("WMC") on August 19, 2006.  He understood that the terms were a 40 year fixed loan with payments of $1145 per month.  (SAC at 2.)  In October, 2006, plaintiff alleges he received a letter from the lender indicating that the loan was transferred to another lender, and it contained terms and payments "on the contrary."  (Id.)  Plaintiff contacted the lender about the error which had caused his payments to become $2800 per month.  WMC Mortgage sent plaintiff the original notes on or about October 15, 2006.  He alleges that he notified WMC that he was not going to pay for the loan, indicating that this action constituted a rescission of the loan.  According to plaintiff, WMC informed him to take it up with the new lender.  Plaintiff asserts that he notified every lender since that time, including Litton Loan Service, HomeQ, and GMAC, the most recent lender, but none of them acknowledged the rescission.  (Id. at 2.)  Plaintiff then alleges that he filed bankruptcy in March, 2008, and that case was dismissed in May, 2008.  Although not entirely clear, it appears that there was a second bankruptcy proceeding which was dismissed on February 17, 2009.  Plaintiff seeks the equitable return of the property and rescission.  He also seeks damages in the amount of $805,532.

DISCUSSION

    I.  Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

II.  Analysis

GMAC moves to dismiss based on failure to plead any specific claims, failure to allege misconduct by GMAC or facts supporting assignee liability, inapplicability of 15 U.S.C. §§ 1541 and 45, failure to state a claim under the TILA and that such a claim is time barred, and

\\\\\

failure to state a claim under the Home Owners Equity Protection Act.[2]

Plaintiff has filed an opposition, claiming that GMAC is the assignee of the loan, and that plaintiff gave it proper notice of his rescission under TILA. Plaintiff also contends that his action is not time barred.

A. <u>Assignee Liability</u>

The most recent order required plaintiff on amendment to explain how GMAC was involved, and how and why the loan repayment terms changed if and when GMAC assumed the loan. Plaintiff was also directed to allege in his second amended complaint "if, when and how GMAC assumed the loan, and whether it expressly assumed the obligations of the loan." Order, filed December 16, 2009, at 6.

The only allegation in the SAC responsive to the court's order regarding assignment is that GMAC and other lenders were "notified of the situation but have not acknowledge[d] the rescission." (SAC at 3.) He also alleges "GMAC Mortgage Co. have said they had assume the loan." [Sic] (<u>Id.</u>) Plaintiff does not explain these assertions; he has failed to allege facts showing if, when, or how GMAC assumed the subject loan. Plaintiff has not cured the defects from the amended complaint. The second amended complaint is still unclear as to when the terms were changed, and who changed them.

Plaintiff was also directed to attach notes from the original loan and the transferred loan to his SAC, but he has failed to do so.

Moreover, defendant has submitted two deeds of trust in its request for judicial notice.[3] Those deeds reflect WMC Mortgage Corp. as the lender and include an adjustable rate rider and a balloon rider, both signed by plaintiff, refuting his claim that he did not agree to these terms. (Dkt. #79, Exs. A and B.)

---

[2] Defendant also makes a motion for more definite statement; however, plaintiff has been given sufficient opportunity to amend.

[3] The undersigned will grant the request.

4

1 As defendant correctly points out, even assuming there was an assignment of the loan to GMAC, assignment alone does not imply an assumption of the obligations on the contract. Generally, an assignee is only liable if he expressly assumes the duties under the contract. See 7 Cal. Jur. 3d Assignments, 57.

Even if GMAC did assume the obligations in the loan, plaintiff does not allege that GMAC knowingly assumed an obligation to provide certain terms previously agreed upon, or that GMAC knowingly assumed an obligation to provide a loan which contradicted the original loan agreement signed by plaintiff.

B. 15 U.S.C. § 1541

This statute discusses performance of administrative law judge duties by the United States Coast Guard in regard to marine resource conservation law as administered by the Secretary of Commerce. The statute is inapplicable to the case at hand.

C. 15 U.S.C. § 45

The Federal Trade Commission Act, 15 U.S.C. § 45, does not permit a private action but remedial power is vested solely with the Federal Trade Commission. Dreisbach v. Murphy, 658 F.2d 720, 730 (9th Cir. 1981) (holding that private litigants may not bring an action alleging certain business practices proscribed by § 5(a)(1)). Therefore, plaintiff cannot state a federal claim under this statute.

D. TILA

Defendant correctly argues that plaintiff is barred by the statute of limitations which requires that an action be brought within one year for damages claims, and three years for rescission claims, and that plaintiff has failed to state a claim under TILA. Because this claim is time barred and not applicable to plaintiff's claims, his argument that GMAC has not shown it is an assignee of the note is of no consequence.

TILA violations include the failure to provide the required disclosures pursuant to 15 U.S.C. § 1631 and the failure to clearly and conspicuously disclose information relating to the

5

"annual percentage rate" and the "finance charge" pursuant to 15 U.S.C. § 1632. To recover damages arising from alleged TILA violations, a plaintiff must file an action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

The order directing plaintiff to file a second amended complaint required him to allege some actionable violation by defendant which is not time barred. The latest complaint alleges that plaintiff entered into the loan agreement on or about August 19, 2006. He received a letter from WMC which caused him to discover that the loan terms were not what he thought they were in October, 2006. WMC sent him the original notes on or about October 15, 2006. (SAC at 2.) Based on these facts in the SAC, the statute of limitations expired in October, 2007 at the latest, but most likely expired in August, 2007. (Def.'s RJN Exs. A, B.) Plaintiff filed the instant action on May 9, 2009. Therefore, his claim for damages under TILA is time barred.

Any claim for rescission is also time barred. Section 1635(b) provides for the return of money or property upon rescission.[4] Where the required forms and disclosures have not been delivered to the obligor, 15 U.S.C. § 1635(f) provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."

Providing "notice of rescission within the three year period is irrelevant" to whether plaintiff timely files a claim seeking rescission. Falcocchia v. Saxon Morg., Inc., No. Civ. S-09-2700 LKK GGH, 2010 WL 582059, *6 (E.D. Cal. Feb.12, 2010). Plaintiff must file a complaint seeking rescission before the statute of limitation expires. The three year period for

---

[4] 15 U.S.C. § 1635(b) provides in pertinent part:

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. . . .

filing TILA rescission claims is an absolute statute of repose that cannot be tolled. Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir.2002).

Setting aside the issue of whether the required forms and disclosures were made to plaintiff, the transaction was consummated on or about August 19, 2006. The property was sold in a foreclosure sale on August 26, 2008. (Def.'s Ex. C.) Plaintiff filed this action on March 9, 2009. Therefore he is barred from seeking rescission. Plaintiff's claim that he already rescinded the loan is of no consequence as his complaint must have been filed within the three year period.

Furthermore, the Ninth Circuit has held that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender." Yamamoto v. Bank of N.Y., 329 F. 3d 1167, 1170 (9th Cir. 2003) (emphasis in original). District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds. See, e.g., Garza v. Am. Home Mortgage, 2009 WL 188604 at *5 (E.D. Cal. 2009) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received"); Ibarra v. Plaza Home Mortgage, 2009 WL 2901637 at *8 (S.D. Cal. 2009); Ing Bank v. Korn, 2009 WL 1455488 at *1 (W.D. Wash. 2009). In this case, plaintiff has failed to allege any facts relating to his ability to tender the loan proceeds, or that he in fact ever tendered the loan proceeds, especially in light of his prior bankruptcy proceeding.

Finally, rescission is not available under TILA because the transaction for which plaintiff seeks rescission was a "residential mortgage transaction," within the meaning of § 1602(w) (security interest sought against plaintiff's dwelling for the purpose of acquiring it),[5] and

---

[5] 15 U.S.C. § 1602(w) provides: "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Accord, 12 C.F.R. § 226.2(a)(24).

7

was therefore expressly exempt from TILA's disclosure and rescission rights pursuant to § 1635(e)(1) ("[t]his section does not apply to. . . a residential mortgage transaction as defined in section 1602(w) of this title"). See also, 12 C.F.R. § 226.23 (f) (exempting residential mortgage transactions from rescission rights).[6]

Accordingly, the court finds that plaintiff has failed to state a claim under the Truth in Lending Act.

E. HOEPA

Plaintiff mentions the Home Ownership and Equity Protection Act of 1994 ("HOEPA") in his SAC.

The HOEPA in part prohibits the extension of credit without regard to the consumer's ability to pay. 15 U.S.C. § 1639(h) provides:

> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

Section 1602(aa) expressly excludes residential mortgage transactions. 15 U.S.C. § 1602(aa). "A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction...." Id.

> The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the

---

[6] Defendants also assert there is no right of rescission for "unconsummated transactions," as they characterize the parties' disputed agreements. Plaintiff retorts that the parties' Mortgage Transaction was "consummated" because plaintiff met all conditions precedent and defendants continue to retain plaintiff's deposit in a non-interest-bearing account. The court need not reach this issue. It is clear the mortgage at issue is a "residential mortgage" within the meaning of section 1602(w) and therefore exempt from TILA's disclosure and rescission rights pursuant to section 1635(e)(1).

consumer's dwelling to finance the acquisition or initial construction of such dwelling.

Id., §1602(w).

The loan plaintiff obtained was a loan upon which a deed of trust was recorded. Plaintiff conceded at hearing that the transaction was to finance the acquisition of his house. Therefore, plaintiff's loan constitutes a residential mortgage transaction. Plaintiff's claim under HOEPA is therefore legally deficient and must be dismissed without leave to amend.

CONCLUSION

As plaintiff has been given multiple opportunities to amend his complaint, further amendment would be futile and will not be permitted.

Accordingly, IT IS HEREBY RECOMMENDED that: Defendant GMAC Mortgage, LLC's ("GMAC") motion to dismiss, filed on January 26, 2010, be granted with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   04/15/2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Smith0648.mtd2.wpd